Singer v. Holdridge.

---

## Charles Singer

### v.

### Rensalear L. Holdridge et al.

*Fraud—Agency—Evidence.*

Upon a bill filed by the purchaser of a farm to charge his agent and the vendors with fraud in securing from him a large sum in excess of the actual purchase price, it is *held:* That the evidence sustains the decree of the court below against the agent only, the evidence not being sufficient to charge the vendors with con-piracy, or a guilty knowledge of and participation in the fraud.

[Opinion filed May 27, 1887.]

IN ERROR to the Circuit Court of Livingston County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. A. C. NORTON and J. T. TERRY, for plaintiff in error.

·Messrs. STRAWN & PATTON, for defendants in error.

BAKER, P. J. The bill of complaint of Charles Singer, plaintiff in error, charges, in substance, that in 1882 he engaged Charles Weinland, one of the defendants in error, to act as his agent in selecting and buying for him a farm in Livingston County, at a fair cash value ; that the defendants in error, Rensalear Holdridge and Thomas and Robert Spafford, were the owners of the Burleigh farm, containing 697 acres; that Weinland as such agent, purchased said farm from Holdridge and the two Spaffords for $40 per acre, but that defendants in error, intending to cheat plaintiff in error, fraudulently combined to wrongfully conceal the true facts from him and induce him to believe that the contract price of the land was $50 per acre, and did so represent the matter to him as to induce him to believe that was the lowest cash price at which the land could be bought, he having full confidence in the honesty of said Weinland, and that he purchased the farm and paid therefor the sum of $50 per acre and took a deed for the premises to his wife, Florence M. Singer; and that the excess of $10 per acre, wrongfully paid, was divided between defendants in error.

Upon the hearing the court found that in January, February and March, 1882, Weinland was the specially authorized agent of the complainant for the purchase of the land described in the bill, with authority limited to the purchase thereof at the lowest cash price, and with instructions to take a deed therefor in the name of Florence M. Singer, wife of complainant; that as such agent Weinland purchased the farm of the defendants Holdridge and the two Spaffords at $40 per acre, ·making a verbal agreement in his own name and

without disclosing his agency; that when the parties came to-
gether to make the written agreement, Weinland claimed he
had sold the land to Mrs. Singer for $50 an acre, whereupon
a bond was given for the execution of a deed to Florence M.
Singer, and that at the same time an agreement was made
between all the defendants that upon payment of said $50 per
acre to Holdridge and the Spaffords they would pay over to
Weinland all of the money in excess of $40 per acre; that the
contracts so made were as to Weinland fraudulent, and the
money thus obtained was the money of complainant, and that
as to Weinland the contract for $50 per acre and the agree-
ment that said Weinland should receive the excess of $10 was
a fraud upon complainant to the extent of $6,970; that com-
plainant had no knowledge of such arrangement, and without
such information, paid for said land at the rate of $50 per acre
to the defendants Holdridge and the two Spaffords, and that
they paid $655 thereof to one Burleigh, as directed by Wein-
land, and that the residue of the $6,970 was paid to or received
by said Weinland, and that as against said Weinland complain-
ant is entitled to receive $6,970 with six per cent. interest from
March 6, 1882. Thereupon the court rendered a decree
against Weinland for $8,696.08 and costs, and dismissed the
bill as to the other defendants.

After a careful examination of the evidence in the record,
we are unable to arrive at the conclusion that the decree of
the Circuit Court was erroneous. The proofs were amply
sufficient to justify the decree against Weinland, the agent of
plaintiff in error. There is some testimony tending to show
there was not entire good faith on the part of the other de-
fendants, but as to most or all of the matters covered by such
testimony there is a conflict in the evidence. It may be ob-
served that they were dealing at arm's length both with Singer
and with Weinland, and that when the former came to pay the
money for the land no duty was imposed upon them to dis-
close to him that they were only interested to the extent of
$40 per acre in the proceeds of the land. It clearly appears
from the testimony of Singer himself that he had the utmost
confidence in Weinland, who was his own cousin, and relied

wholly upon information procured from him; that he never, until years after the money was paid, made any inquiries of either of the other defendants or gave them any occasion for entering into explanations with reference to the transaction. He was a stranger to all of them, and met them only on a few brief occasions, at the time of and immediately preceding the payment of the money and delivery of the deed ; and he says there was no extended conversation in reference to the sale of the farm ; that he was depending on what Weinland had done previous to his arrival; that there was no conversation except paying the money and giving the deed, and that nothing was said about what was being paid for the land or in respect to Weinland's relation to the matter.

We can not say the evidence shows a conspiracy, or a guilty knowledge of and participation in the fraud on the part of the co-defendants.

The decree of the court below is affirmed.

*Affirmed.*